Roy C. ACUFF, and Wife, Mildred Acuff, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 14516.

United States Court of Appeals
Sixth Circuit.

Dec. 18, 1961.

Richard H. Frank, Jr., Nashville, Tenn. (Ward Hudgins and Barksdale & Hudgins, Nashville, Tenn., on the brief), for petitioners.

Michael K. Cavanaugh, Washington, D. C. (John B. Jones, Jr., Acting Asst. Atty. Gen., Meyer Rothwacks and Gilbert E. Andrews, Jr., Attys., Dept. of Justice, Washington, D. C., on the brief), for respondents.

Before SIMONS and MARTIN, Circuit Judges, and DARR, District Judge.

PER CURIAM.

This tax review involves a trust agreement set up by Roy C. Acuff, a "country music" entertainer and one-time candidate for Governor of Tennessee, and his wife Mildred Acuff, creating a trust for the benefit of their minor son. The agreement provided that the Trustee, Roy C. Acuff, should enter into a partnership with himself, individually, and his wife, for the management and operation of his resort property known as "Dunbar Cave," located near Clarksville, Tennessee, and of his wife's one-half interest in a profitable music publishing partnership known as "Acuff-Rose Publications."

The issues before us are whether Mr. and Mrs. Acuff are taxable on the income of the trust created for the benefit of their minor son; and whether the partnership entered into by them is valid for income tax purposes.

The Tax Court, in a carefully prepared opinion, held it to be clear that the trust and the partnership have no real substance, and that the grantors continued to hold, manage and control the properties as if the trust and partnership agreements had not been written. The court found as an ultimate fact that the purported trust and partnership established by the Acuffs, Roy and Mildred, lacked substance and that they are paper entities only; and that the husband and wife remained the true owners of the property from which the income reported by the partnership was derived. Consequently, the husband and wife were held to be taxable on the entire income reported by the partnership.

We think the decision of the Tax Court is in consonance with the principles of Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659; Commissioner of Internal Revenue v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670; Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; and Paster v. Commissioner, 245 F.2d 381 (C.A.8; 1957); and other cases cited in the opinion of the Tax Court.

The decision of the Tax Court is affirmed.