WILLIAM M. HANG AND DEBORAH S. HANG AND DAVIDAN ORTHODONTIC LAB, INC., DAVID R. HANG, TAX MATTERS PERSON, DEBORAH S. HANG, GUARDIAN AND DANIEL W. HANG, A PERSON OTHER THAN THE TAX MATTERS PERSON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9367-89.         Filed July 18, 1990.

*Charles T. Shea* and *Dennis R. Pearson,* for the petitioners.

*Mary P. Hamilton* and *Ronald F. Hood,* for the respondent.

## OPINION

HAMBLEN, *Judge:* This case is before us on petitioners' motion to dismiss and/or for partial judgment on the pleadings. Respondent issued notices of Final S Corporation Administrative Adjustment (FSAA) for the S corporation returns of Davidan Orthodontic Lab, Inc. (Davidan), for the taxable years 1984 and 1985. Respondent made no adjustment to ordinary income for Davidan for either 1984 or 1985. However, respondent determined that for Federal tax purposes, the beneficial owner of Davidan for 1984 and 1985 was William M. Hang. Respondent allocated income in the FSAA's as follows:

| *1984* | *Per return* | *As corrected* |
| --- | --- | --- |
| William Hang | - - - | $13,758 |
| David Hang | $6,879 | - - - |
| Daniel Hang | 6,879 | - - - |
| Totals | 13,758 | 13,758 |

| *1985* | *Per return* | *As corrected* |
| --- | --- | --- |
| William Hang | - - - | $18,436 |
| David Hang | $9,218 | - - - |
| Daniel Hang | 9,218 | - - - |
| Totals | 18,436 | 18,436 |

Petitioners argue that to the extent that the FSAA's attempt to reallocate the taxable income of Davidan to William Hang, the FSAA's are invalid because the attempted reallocation is not a "subchapter S item" as defined in section 6245[1] and section 301.6245-1T(a), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987). Petitioners also argue that the FSAA's were invalid for taxable years 1984 and 1985 because Davidan was a small S corporation for those years and therefore not subject to the S corporation audit and litigation procedures. Respondent contends that because ordinary income of an S corporation and distributions from an S corporation are subchapter S items, the proposed reallocation is within the scope of judicial review in an S corporation proceeding

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the years at issue.

under section 6226(f). See sec. 6244. Respondent also contends that Davidan was not a small S corporation for 1984 and 1985 because there were two shareholders of record for those years. We must decide (1) whether the reallocation of income from David and Daniel Hang to William Hang is within the scope of judicial review in an S corporation proceeding; and, if so, (2) whether Davidan was a small S corporation in 1984 and 1985.

A hearing was held on petitioners' motion on March 12, 1990, in Boston, Massachusetts.

Petitioners William and Deborah Hang are husband and wife, and are the parents of petitioners David and Daniel Hang, who are minors. William M. Hang is an orthodontist. Davidan is a subchapter S corporation whose two record shareholders are David and Daniel Hang. Deborah S. Hang is the legal guardian of David and Daniel Hang.

Respondent issued a statutory notice of deficiency to William and Deborah Hang on February 10, 1989. In the notice of deficiency, respondent determined that William and Deborah Hang had unreported income from Davidan in the amounts of $16,317 in 1983, $13,758 in 1984, and $18,436 in 1985. The notice of deficiency also allowed as investment tax credits in 1983 certain amounts previously claimed as carrybacks to 1980. The resulting deficiencies were as follows:

| TYE | Deficiency |
| --- | --- |
| 12/31/80 | $6,166 |
| 12/31/83 | 1,740 |
| 12/31/84 | 5,800 |
| 12/31/85 | 6,723 |

Respondent also issued FSAA's with respect to Davidan for the tax years ending October 31, 1984, and October 31, 1985, reallocating the income of Davidan to William M. Hang, as follows:

1. On March 3, 1989, an FSAA was issued to David R. Hang, Tax Matters Person, c/o Deborah Hang, Guardian, for the taxable year ending October 31, 1984.

2. On April 11, 1989, an FSAA was issued to Daniel W. Hang and Douglas K. Siebert for the taxable year 1984.

3. On March 3, 1989, an FSAA was issued to Tax Matters Person, Davidan Orthodontic Lab, Inc., c/o Deborah Hang, for the taxable year ending October 31, 1985.

4. On April 4, 1989, an FSAA was issued to Daniel W. Hang and Douglas K. Siebert for the taxable year 1985.

Petitioners timely filed a petition in this Court in which they requested a redetermination of the tax deficiencies set forth in the notice of deficiency issued to William and Deborah Hang, and a readjustment of the reallocation of income set forth in the FSAA's issued with respect to Davidan.

On July 13, 1989, respondent filed a motion to dismiss for lack of jurisdiction and to strike. Respondent moved that the Court dismiss that part of the case involving income tax deficiencies of William and Deborah Hang for the taxable years 1984 and 1985, and to strike all references in the pleadings thereto, on the ground that all of the adjustments to petitioners' 1984 and 1985 taxable years set forth in the February 10, 1989, notice of deficiency arise from William Hang's interest in Davidan, a subchapter S corporation. On September 18, 1989, the Court granted respondent's motion.

On February 21, 1990, respondent filed with the Court a motion to sever issues and continue trial on the merits in which he requested that the issue concerning allocation of income among petitioners be severed from the remainder of the case and that the allocation issue be continued. On February 27, 1990, the Court granted respondent's motion.

On January 17, 1990, petitioners filed a motion to dismiss and/or for partial judgment on the pleadings in which they moved the Court to dismiss, and/or to grant petitioners judgment on the pleadings, with respect to the redeterminations and/or reallocations made by respondent with respect to petitioners for tax years 1984 and 1985.

The first issue we must consider is whether the reallocation of income from David and Daniel Hang to William Hang is within the scope of judicial review in an S corporation proceeding. The S corporation audit and litigation procedures, section 6241 et seq., were added to the Code in 1982 to provide a method for unified treatment of subchapter S items among the shareholders. Subchapter S

Revision Act of 1982, Pub. L. 97-354, sec. 4(a), 96 Stat. 1691-1692; see S. Rept. 97-640, at 25 (1982), 1982-2 C.B. 718, 729. A subchapter S item is "any item of an S corporation to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the corporate level than at the shareholder level." Sec. 6245. The tax treatment of subchapter S items, except as otherwise provided by regulations, is determined at the corporate level. Sec. 6241. Each shareholder in an S corporation shall "be given notice of, and the right to participate in, any administrative or judicial proceeding for the determination at the corporate level of any subchapter S item." Sec. 6243. The subchapter S corporation audit and litigation procedures and the accompanying legislative history reflect a desire on the part of Congress to have only items that are more appropriately determined at the corporate level determined in subchapter S corporation proceedings. Secs. 6241 and 6245; S. Rept. 97-640, at 25 (1982), 1982-2 C.B. 718, 729.

The Subchapter S Revision Act of 1982, *supra*, was enacted shortly after the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, which added the partnership audit and litigation procedures, section 6221 et seq., to the Code. Congress decided that the subchapter S audit provisions should generally follow the partnership audit provisions except as modified by Treasury regulations. S. Rept. 97-640, at 25 (1982), 1982-2 C.B. 718, 729. Section 6244 makes certain provisions of the partnership audit and litigation procedures relating to partnership items applicable to subchapter S items except as modified or made inapplicable by regulations. Section 6244 provides:

SEC. 6244. CERTAIN PARTNERSHIP PROVISIONS MADE APPLI-
CABLE.
  The provisions of—
    (1) subchapter C which relate to—
      (A) assessing deficiencies, and filing claims for credit or refund, with respect to partnership items, and
      (B) judicial determination of partnership items, and
    (2) so much of the other provisions of this subtitle as relate to partnership items,

are (except to the extent modified or made inapplicable in regulations) hereby extended to and made applicable to subchapter S items.

The partnership provisions concerning judicial review, sections 6226-6228, are applicable to S corporations. S. Rept. 97-640, at 25 (1982), 1982-2 C.B. 718, 729. Section 6226(f) provides:

SEC. 6226(f). SCOPE OF JUDICIAL REVIEW.—A court with which a petition is filed in accordance with this section shall have jurisdiction to determine all partnership items of the partnership for the partnership taxable year to which the notice of final partnership administrative adjustment relates and the proper allocation of such items among the partners.

Accordingly, the proper allocation of subchapter S items among the shareholders would be within our jurisdiction in an S corporation proceeding.

On January 27, 1987, the Secretary issued temporary regulations[2] defining "subchapter S items." The regulations are effective for "taxable years beginning after December 31, 1982." Sec. 301.6245-1T(e), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3004 (Jan. 30, 1987). The regulations define "subchapter S items," in part, as follows:

Sec. 301.6245-1T. Subchapter S items (Temporary).—(a) *In general.* For purposes of subtitle F of the Internal Revenue Code of 1986, the following items which are required to be taken into account for the taxable year of an S corporation under subtitle A of the Code are more appropriately determined at the corporate level than at the shareholder level, and, therefore, are subchapter S items:

(1) The S corporation aggregate and each shareholder's share of, and any factor necessary to determine, each of the following:

(i) Items of income, gain, loss, deduction, or credit of the corporation;

\* \* \* \* \* \* \*

(5) Items relating to the following transactions, to the extent that a determination of such items can be made from determinations that the corporation is required to make with respect to an amount, the character of an amount, or the percentage of stock ownership of a shareholder in the corporation, for purposes of the corporation's books and records or for purposes of furnishing information to a shareholder:

(i) Contributions to the corporation; and

(ii) Distributions from the corporation.

Respondent contends that because he is attempting to reallocate income of Davidan, the proposed reallocation is

---

[2]The text of the temporary regulations also serves as the text of the proposed regulations. 52 Fed. Reg. 3001 (Jan. 30, 1987).

within the scope of review in an S corporation proceeding. Each shareholder's share of items of income of an S corporation is a subchapter S item. Sec. 301.6245-1T(a)(1)(i), Temporary Proced. & Admin. Regs., 52 Fed. Reg. 3003 (Jan. 30, 1987). Under section 6226(f), the proper allocation of subchapter S items among the shareholders would be within our jurisdiction in an S corporation proceeding. However, in the case before us, respondent seeks to reallocate income from shareholders of record of an S corporation to a taxpayer who is not a shareholder of record. Accordingly, the proposed reallocation is not expressly within the scope of section 6226(f). However, respondent contends in his objection to petitioner's motion that William and Deborah Hang are the "true beneficial shareholders" of Davidan. We must decide whether the proposed reallocation of a subchapter S item from record shareholders to a taxpayer who respondent has determined is the beneficial shareholder is within the scope of review provided in section 6226(f).

Whether William Hang is the "true and beneficial shareholder" of Davidan depends on factors that cannot be determined at the corporate level. Although ordinarily shareholder status is determined at the corporate level, as a practical matter, there is no way for a corporation to determine who the beneficial owners of its stock are because the information necessary to make the determination would not be available at the corporate level where the beneficial owner of stock is not a shareholder of record. In determining the true ownership of corporate stock, beneficial ownership, as opposed to mere legal title, is decisive. *Beirne v. Commissioner*, 61 T.C. 268, 277 (1973); *Hook v. Commissioner*, 58 T.C. 267 (1972); *Duarte v. Commissioner*, 44 T.C. 193 (1965). Ownership of property for Federal income tax purposes is a question of fact to be determined from all of the facts and circumstances. *Schoenberg v. Commissioner*, 302 F.2d 416 (8th Cir. 1962), affg. a Memorandum Opinion of this Court; *Snyder v. Commissioner*, 66 T.C. 785 (1976). In making such determination, "command over property or enjoyment of its economic benefits marks the real owner." *Anderson v. Commissioner*, 164 F.2d 870, 873 (7th Cir. 1947), cert. denied 334 U.S. 819 (1948); see *Speca v.*

*Commissioner,* 630 F.2d 554, 557 (7th Cir. 1980), affg. a Memorandum Opinion of this Court. The substance of a transaction, rather than its mere form, is determinative of its tax consequences. *Commissioner v. Court Holding Co.,* 324 U.S. 331 (1945).

In *Speca v. Commissioner, supra,* the Seventh Circuit used a four-part test to decide shareholder status in a subchapter S corporation when stock was transferred between family members.

> The issue of shareholder status in subchapter S corporations is not a new one. Examination of prior decisions reveals a consistent pattern of analysis involving the use of four specific factors. Those factors include: (1) Are the transferees within the family able to effectively exercise ownership rights of their shares; (2) Did the transferor continue to exercise complete dominion and control over the transferred stock; (3) Did the transferor continue to enjoy economic benefits of ownership after conveyance of the stock; and (4) Did the transferor deal at arm's length with the corporation involved. See *Duarte v. Commissioner,* 44 T.C. 193 (1965); *Beirne v. Commissioner,* 52 T.C. 210 (1969); *Beirne v. Commissioner,* 61 T.C. 268 (1973); and *Kirkpatrick v. Commissioner,* 36 T.C.M. (CCH) 1122 (1971). [*Speca v. Commissioner,* 630 F.2d at 556.]

The test used by the Seventh Circuit emphasizes what the shareholders or former shareholders did, or what their rights are, and not what happened at the corporate level. Although the instant case does not involve transfers of stock between family members since David and Daniel Hang have always been the only shareholders of record of Davidan, the analysis in this situation would be similar. Whether the income should be reallocated will depend on who controls and enjoys the benefits of the stock. This determination is more appropriately made at the shareholder level than at the corporate level.

Also, if the determination of whether income should be reallocated is made at the corporate level in an S corporation proceeding, the people who are being affected (the alleged beneficial shareholders) cannot be parties until the main issue in the case is decided, namely, who are the beneficial shareholders. Under section 6243, shareholders have the right to participate in any administrative or judicial proceeding for the determination at the corporate level of any subchapter S item, but no right to participate is given to nonshareholders. Therefore, in order to partici-

pate, an alleged beneficial shareholder would have to concede the issue of whether he is a shareholder. For this reason, the determination of whether income should be reallocated from a shareholder of record to someone who is not a shareholder of record is more appropriately determined at the shareholder level.

The subchapter S corporation audit and litigation procedures and the accompanying legislative history reflect a desire on the part of Congress to have only items that are more appropriately determined at the corporate level determined in subchapter S corporation proceedings. Secs. 6241, 6245; S. Rept. 97-640, at 25 (1982), 1982-2 C.B. 718, 729. Consequently, we find that the proposed reallocation is not the type of reallocation within our scope of review in a subchapter S corporation proceeding under section 6226(f). Accordingly, petitioners' motion to dismiss with respect to the FSAA's for 1984 and 1985 will be granted. Petitioners' motion to dismiss having been granted, we need not address the issue of whether Davidan is a small S corporation or petitioners' alternative motion for partial judgment on the pleadings.

To reflect the foregoing,

*An appropriate order will be issued.*