T.C. Memo. 1996-549


UNITED STATES TAX COURT


JOSEPH AND ANNIE CHU, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 142-95, 22884-95.        Filed December 18, 1996.


     Ps owned and operated a retail gift store, and
they deposited the stores' proceeds into bank accounts
owned or controlled by them.  R determined that the
amounts of these deposits were includable in Ps' gross
income for the year of deposit.  R also determined that
Ps did not report certain interest income, and that Ps
were liable for accuracy-related penalties under
sec. 6662(a), I.R.C.  <u>Held</u>:  R's determinations
sustained to the extent stated herein.


<u>John M. Youngquist</u>, for petitioners.

<u>Allan D. Hill</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Docket Nos. 142-95 and 22884-95 are before the Court consolidated for purposes of trial, briefing, and opinion. Joseph Chu and Annie Chu petitioned the Court to redetermine respondent's determination of the following Federal income tax deficiencies and additions thereto:

| Year | Deficiency | Penalties Sec. 6662(a) |
|------|-----------|------------------------|
| 1990 | $193,739 | $38,209 |
| 1991 | 727,937 | 145,587 |

In an amendment to answer, respondent alleged that the deficiency and penalty determined in the notice of deficiency for 1990 should be increased to reflect $9,619 of unreported interest income that petitioners earned on a foreign bank account. Petitioners concede the correctness of this allegation.

Upon motion of respondent at the close of trial, the Court amended the pleadings to conform to the evidence.  See Rule 41(b)(1).  Respondent alleged that the evidence will show that petitioners received another $10,000 of gross income in 1990, and that the deficiency and penalty for that year should be increased accordingly.

Following concessions on brief,[1] we must decide:

1.    Whether petitioners failed to include certain business receipts in their 1990 and 1991 gross income.  We hold they did to the extent described herein.

2.    Whether petitioners failed to report $3,553 of interest income for 1991.[2]  We hold they did.

3.    Whether petitioners are liable for penalties on their 1990 and 1991 taxes under section 6662(a).  We hold they are.

Unless otherwise indicated, section references are to the Internal Revenue Code applicable to the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.  Dollar amounts are rounded to the nearest dollar.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  The stipulations and exhibits attached thereto are incorporated herein by this reference.  Petitioners are husband and wife, and they filed joint Federal income tax returns for the subject years.  They resided in Hillsborough, California, when they petitioned the Court.

---

[1] Petitioners concede respondent's disallowance of $2,600 of car and truck expenses and $2,295 of employee benefit program expenses.

[2] Respondent determined that petitioners failed to report $7,463 of interest income for 1991.  Petitioners concede $3,910 of this determination.

Mr. Chu owns and operates a sole proprietorship in the Fisherman's Wharf section of San Francisco, California. The business is a retail gift shop known as "The Oceanfront Co." (Oceanfront). Oceanfront sells mostly tourist souvenir items ranging in price from 10 cents to $20. Mr. Chu also operates a second retail store in the Fisherman's Wharf section. This store, which is owned by Mr. Chu's wholly owned corporation, is called "Hsiang Trading Co., Ltd."

During 1990, Mr. Chu owned the following bank accounts, either individually or jointly with his wife:

| Account Name | Name of Bank | Account Number |
|---|---|---|
| Joseph Chu & Annie Chu | Bank of America | 04127-03056 |
| Joseph Chu or Annie Chu | Union Bank | 01219669 |
| Joseph Chu | United Savings | 1-186313-1 |
| Chu de Chien[3] | Shanghai Commercial Bank | 28-28-03604-5 |
| Chu de Chien | Shanghai Commercial Bank | 69-92-03115-0 |
| Oceanfront | Sanwa Bank | 0886-06791 |
| Oceanfront | Bank of America | 02682-09917 |

Petitioners deposited Oceanfront's receipts into the Sanwa Bank and Bank of America accounts bearing Oceanfront's name.

Ming Chu Chu (Ming), Mr. Chu's mother, lived with petitioners during 1990. Ming had power of attorney and signatory authority over certain accounts at United Savings Bank which were in the name of "Jenn-Daw Liu" (the Liu accounts). These accounts were numbered 1-186357-8, 1-186466-7, 1-186533-4,

---

[3] Chu de Chien is Joseph Chu's Chinese name.

and 6-341787-7.  Of these four accounts, the following three were open during 1991:  1-186357-8, 1-186533-4, and 6-341787-7.

On December 4, 1989, Ming transferred $200,000 to Mr. Chu from the Liu account number 1-186533-4.  On June 29, 1990, Mr. Chu withdrew $2,275 from his account number 1-186313-1, which he then closed, and deposited this sum into the Liu account number 1-186533-4.  With respect to petitioners' other six bank accounts that were open in 1990, all but one of them were open in 1991.  Mr. Chu closed his account number 69-92-03115-0 during 1990.

During the subject years, Oceanfront accepted travelers' checks in denominations of $20, $50, and $100.  During 1990, 52 travelers checks in denominations of $50 and $100 were deposited into the Liu account number 1-186357-8, and 96 travelers checks in denominations of $20, $50, and $100 were deposited into the Liu account number 6-341787-7.

Oceanfront's records for the subject years consisted primarily of canceled checks and a check register.  Oceanfront did not maintain a separate cash receipts journal or a sales journal, and it did not retain the tapes from its cash register. Respondent reconstructed petitioners' income for the subject years by way of the bank deposits method.  For 1990, respondent determined that petitioners failed to report $669,128 of Oceanfront's gross receipts.  Respondent has since conceded that these unreported receipts are no greater than $641,771.  For

1991, respondent determined that petitioners failed to report gross receipts of $2,292,091. Respondent determined that $1,989,965 and $302,126 of this amount were attributable to deposits in petitioners' personal accounts and the Liu accounts, respectively.

OPINION

Petitioners must prove that respondent's determinations set forth in her notices of deficiency are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Respondent must prove any increase in those deficiencies. Rule 142(a); see also Estate of Bowers v. Commissioner, 94 T.C. 582, 595 (1990); Price v. Commissioner, T.C. Memo. 1995-187.

Section 61(a) defines gross income as "all income from whatever source derived." Sec. 61(a)(1). This definition includes all "accessions to wealth, clearly realized, and over which the taxpayers have complete dominion." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955); Hawkins v. United States, 30 F.3d 1077, 1079 (9th Cir. 1994). When a taxpayer keeps no books or records for his or her business, respondent is authorized to recompute the taxpayer's income under any method that respondent determines clearly reflects income. Sec. 446(b); Commissioner v. Hansen, 360 U.S. 446, 467 (1959); Cole v. Commissioner, 586 F.2d 747, 749 (9th Cir. 1978), affg. 64 T.C. 1091 (1975); Meneguzzo v. Commissioner, 43 T.C. 824, 831 (1965). Respondent may use any method that is reasonable in light of the

facts and circumstances of the case. Giddio v. Commissioner, 54 T.C. 1530, 1532-1533 (1970).

When the taxpayer's records are incomplete, the Commissioner may look to the bank deposits method as evidence of income. Nicholas v. Commissioner, 70 T.C. 1057, 1064 (1978); Estate of Mason v. Commissioner, 64 T.C. 651, 656 (1978), affd. 566 F.2d 2 (6th Cir. 1977). The propriety of this method is well grounded. Parks v. Commissioner, 94 T.C. 654, 658 (1990); Nicholas v. Commissioner, supra at 1064; see also Estate of Mason v. Commissioner, supra at 656-657; Harper v. Commissioner, 54 T.C. 1121, 1129 (1970). Although not conclusive, bank deposits are prima facie evidence of income. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Estate of Mason v. Commissioner, supra at 656-657.

Petitioners argue that the questioned deposits in the bank accounts bearing their names are moneys lent to them from foreign individuals and a foreign corporation to invest in the United States. Petitioners claim that they received loans totaling $280,320 in 1990 and $2,719,680 in 1991. Respondent argues that petitioners failed to present credible evidence at trial to support their claim.

We agree with respondent. In an attempt to support their claim, petitioners elicited testimony from themselves, Mr. Chu's mother and father, and various friends of the family to the effect that the disputed deposits were loans. We find none of

this testimony to be credible. Much of their testimony is vague, uncorroborated, and/or inconsistent. Under the circumstances, we are not required to, and we do not, rely on that testimony to support petitioners' positions herein. See Ruark v. Commissioner, 449 F.2d 311, 312 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-48; Clark v. Commissioner, 266 F.2d 698, 708-709 (9th Cir. 1959), affg. in part and remanding T.C. Memo. 1957-129; Tokarski v. Commissioner, supra at 77.

Petitioners have not persuaded us that the disputed deposits in their personal accounts were loans rather than taxable income. Thus, we sustain respondent's determinations as reflected in her notices of deficiency and as adjusted by her concession. With respect to the $10,000 deposit that was not included in the notice of deficiency, however, we hold for petitioners. Respondent must prove that this deposit is income. See, e.g., Price v. Commissioner, T.C. Memo. 1995-187; Collins v. Commissioner, T.C. Memo. 1994-409. She has failed to do so.

Respondent also determined that the deposits in the Liu accounts were includable in petitioners' gross income. Petitioners argue that the Liu accounts were not owned by them, and that they did not receive any of the underlying funds in 1990 or 1991. Respondent argues that petitioners failed to prove that they did not have an interest in the Liu accounts during the subject years.

We agree with respondent. The true owner of income-producing property, such as the Liu accounts, is the one with beneficial ownership, rather than mere legal title. Serianni v. Commissioner, 80 T.C. 1090, 1104 (1983), affd. 765 F.2d 1051 (11th Cir.1985); Hook v. Commissioner, 58 T.C. 267, 273, 276 (1972). It is the ability to command the property, or enjoy its economic benefits, that marks a true owner. Hang v. Commissioner, 95 T.C. 74, 80 (1990). The Liu accounts are owned by the person or persons who derive "readily realizable economic value" from these accounts, and a person derives the requisite value when he or she has the freedom to dispose of the accounts' funds at will. Rutkin v. United States, 343 U.S. 130, 137 (1952).

We are unable to find that petitioners were not the true owners of the Liu accounts.[4] Although petitioners elicited testimony at trial in an attempt to establish that they did not own these accounts, we are unpersuaded by this testimony. For the same reasons stated above, we find that none of this testimony is credible. Because petitioners failed to disprove respondent's determination on this issue, we sustain it. We also sustain respondent's determination that petitioners are taxable on the interest on these accounts. Petitioners had argued that

---

[4] To the contrary, the record indicates that Mr. Chu controlled the Liu accounts and that he had the ability to dispose of the funds contained therein at will.

the interest was not taxable to them because they did not own the Liu accounts.

Respondent also determined that petitioners were liable for the following penalties under section 6662(a): (1) Substantial understatement (1990) and (2) negligence (1991). Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of an underpayment that is attributable either to negligence or to a substantial understatement of tax. See also sec. 6662(b)(1) and (2).

Petitioners contend that neither of these penalties applies to this case because they did not have a deficiency in either year. We have sustained respondent's determinations of the deficiencies. The record does not otherwise disprove respondent's determination as to these penalties. We also sustain her determination of them.

---

With respect to each issue in this case, we have considered all arguments made by petitioners, and, to the extent not addressed above, find them to be irrelevant or without merit.

To reflect the foregoing,

Decisions will be

entered under Rule 155.