T.C. Memo. 2005-174

UNITED STATES TAX COURT

OLSEN-SMITH, LTD., SMITH-OLSEN, PLC,
TAX MATTERS PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22081-03.             Filed July 18, 2005.

L is a general partnership the direct partners of
which are three limited liability companies (LLCs).  P
amended its petition in this TEFRA partnership-level
proceeding to allege that L's net earnings from self-
employment (NESE) were zero instead of $627,736 as
reported or $696,807 as determined by R.  P argues that
L has no "NESE", as defined in sec. 1402(a), I.R.C.,
because neither L nor any of its partners has a partner
or member who is an individual.  R moves to strike P's
allegation, asserting that the Court lacks jurisdiction
in this proceeding to decide whether L has an indirect
partner who is an individual.
<u>Held</u>: Because a determination of the ownership of
a passthrough entity that is a direct partner in a
partnership may involve information not usually
maintained by the partnership, a determination of the
members of the LLCs (and thus indirect partners of L)
is a nonpartnership item that the Court is not allowed
to decide in this TEFRA partnership-level proceeding.

Brad S. Ostroff and Martha Combellick Patrick (specially recognized), for petitioner.

Anne W. Durning, for respondent.

MEMORANDUM OPINION

LARO, Judge: This case is a partnership-level proceeding subject to the unified audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 401, 96 Stat. 628. Smith-Olsen, PLC (Smith/Olsen), the tax matters partner of Olsen-Smith, LTD (LTD), petitioned the Court to readjust partnership items relating to a Notice of Final Partnership Administrative Adjustment (FPAA) issued by the Commissioner as to LTD's 1999 taxable year. LTD is a general partnership the partners of which are three passthrough entities known as limited liability companies (LLCs). In relevant part, the FPAA determined that LTD's net earnings from self-employment (NESE) totaled $696,807, instead of $627,736 as reported, on account of a $69,071 increase that the Commissioner made to LTD's ordinary income.

Following concessions, we must decide whether we have jurisdiction to decide the single substantive issue remaining in dispute. Specifically, petitioner in an amendment to petition alleged that LTD had no NESE because neither LTD nor any of its partners had a partner or member who was an individual.

Petitioner argues that the Court's identity of LTD's "actual partners" is a partnership item that is more appropriately made in this TEFRA partnership-level proceeding than in a partner-level proceeding because that identification may affect the allocation of LTD's income or loss to its partners. Respondent moves the Court to strike petitioner's allegation, arguing that the Court lacks jurisdiction in a TEFRA partnership-level proceeding to decide whether LTD had an indirect partner who was an individual. We agree with respondent and shall grant his motion.

## Background[1]

LTD is a general partnership formed in 1987. Its business is the practice of law. Its principal place of business was in Phoenix, Arizona, when the petition commencing this proceeding was filed with the Court.

During 1999, LTD had three equal direct partners: Smith/Olsen, Smith & Associates, PLC (Smith/Associates), and Rossie & Associates, PLC (Rossie/Associates). Smith/Olsen was an Arizona professional LLC (APLLC) whose members were a complex trust named 1992 WHO Trust (1-percent owner) and a grantor trust named SKO-96 Trust (99-percent owner). The grantor of SKO-96

---

[1] The recitations in this Opinion are obtained from the parties' stipulations of fact and the exhibits submitted therewith. We set forth these recitations solely for the purpose of deciding respondent's motion.

Trust was Alfred J. Olsen (Olsen). Smith/Associates was an APLLC whose members were a complex trust named 1992 WLK Trust (1-percent owner) and a grantor trust named MBK-96 Trust (99-percent owner). The grantor of MBK-96 Trust was Susan K. Smith (Smith), Olsen's wife. Rossie/Associates was an APLLC with a single member, a grantor trust named JJR-97 Trust. The grantor of JJR-97 Trust was James J. Rossie, Jr. (Rossie). Olsen, Smith, and Rossie (collectively, the three individuals) were all attorneys who during 1999 worked for and received salaries from LTD. During that year, the three individuals also received compensation from LTD in the form of fringe benefits.

LTD filed a 1999 Form 1065, U.S. Partnership Return of Income (1999 return), that reported that LTD realized $627,736 of ordinary income during that year and that all of this income was NESE. The 1999 return also reported that LTD's partners were Smith/Olsen, Smith/Associates, and Rossie/Associates, but did not provide any details as to the members of the LLCs. In relevant part, the Commissioner determined in the FPAA that LTD's NESE totaled $696,807 on account of a $69,071 increase that respondent made to LTD's ordinary income. The Commissioner has since conceded a portion of the $69,071 increase in ordinary income (and NESE).

## Discussion

The TEFRA partnership-level procedures prescribed in sections 6221 through 6234 require that all challenges to adjustments of partnership items be made in a single unified proceeding.[2] Under these procedures, "the tax treatment of any partnership item (and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item) shall be determined at the partnership level." Sec. 6221. The Commissioner generally must wait until a partnership-level proceeding is over to assess a liability attributable to a partnership item. See sec. 6225(a); Maxwell v. Commissioner, 87 T.C. 783, 788 (1986). The Commissioner generally must follow the deficiency procedures before assessing a deficiency relating to a nonpartnership item such as an affected item. See sec. 6230(a)(2); see also sec. 6231(a)(4) (defines a "nonpartnership item" as an item which is (or is treated as) not a partnership item); sec. 6231(a)(5) (defines an "affected item" as any item to the extent the item is affected by a partnership item).

The Court's jurisdiction over a TEFRA partnership-level proceeding is invoked when the tax matters partner or other eligible partner timely files a petition with the Court seeking a

---

[2] Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure.

readjustment of partnership items adjusted in a valid FPAA.  See

sec. 6226; Rule 240(c); see also <u>Meserve Drilling Partners v.</u>

<u>Commissioner</u>, T.C. Memo. 1996-72, affd. 152 F.3d 1181 (9th Cir.

1998).  The Court has jurisdiction in such a proceeding to

determine partnership items to which the FPAA relates, the proper

allocation of those items among the partners, and the

applicability of any penalty, addition to tax, or additional

amount relating to an adjustment to a partnership item.  See sec.

6226(f).  We decide herein whether LTD's reporting on its 1999

return of its ordinary income as NESE fits within this

jurisdiction or, more specifically, whether that reporting is a

partnership item.  The term "NESE" denotes:

> the gross income derived by an individual from any
> trade or business carried on by such individual, less
> the deductions allowed by this subtitle which are
> attributable to such trade or business, plus his
> distributive share (whether or not distributed) of
> income or loss described in section 702(a)(8) from any
> trade or business carried on by a partnership of which
> he is a member * * *.  [Sec. 1402(a).[3]]

The 1999 instructions to the 1999 return generally required LTD

for purpose of that return's Schedule K, Partner's Shares of

Income, Credits, Deductions, etc., to report all of LTD's

ordinary income from trade or business activities as NESE except

---

[3] Sec. 702(a)(8) provides that "In determining his income
tax, each partner shall take into account separately his
distributive share of the partnership's * * * taxable income or
loss, exclusive of items requiring separate computation under
other paragraphs of this subsection."

to the extent that the income was allocated to limited partners, estates, trusts, corporations, exempt organizations, or IRAs. See the 1999 Instructions to Form 1065, at 23-24.

Petitioner argues that the reporting of LTD's ordinary income as NESE is within our jurisdiction because it is a characterization of partnership income that is a partnership item under section 6231(a)(3). According to petitioner, LTD had no NESE in that neither it nor any of its partners had a partner or member who was an individual. Petitioner asserts more specifically that none of the three individuals was a partner and asks the Court to decide the same. Petitioner asserts that the identity of LTD's actual partners also may affect the allocation of income among those partners, another indicium of a partnership item under section 6231(a)(3). See infra p. 11. LTD paid salaries and fringe benefits to the three individuals, and as petitioner sees it, section 707 would operate to disallow LTD's deduction of the payroll taxes paid on the salaries and to treat the fringe benefits as guaranteed payments, if the three individuals were in fact partners of LTD.

Respondent argues that the Court's jurisdiction as to the issue at hand is narrower than that espoused by petitioner. According to respondent, the Court in a TEFRA partnership-level proceeding may decide only the amount of a partnership's NESE as ascertained mechanically under the instructions to Form 1065. In

that those instructions neither require nor permit the consideration of any information concerning indirect partners, respondent asserts, the Court may not in this proceeding look through the two tiers of passthrough entities connected to LTD and identify LTD's indirect partners.

We begin our analysis with section 6231(a)(3). That section provides that a partnership item is "any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the partnership level than at the partner level." Thus, in accordance with this section, the Court will have jurisdiction over the disputed issue (in that it will be a partnership item) if we find that a reporting of LTD's ordinary income as NESE is (1) an item required to be taken into account for LTD's 1999 taxable year under a provision of subtitle A and (2) an item that the regulations provide is more appropriately determined at the partnership level than at the partner level. We do not make either finding.

Subtitle A did not require that LTD determine dispositively the amount of its ordinary income that was NESE. Subtitle A requires that a partnership separately state the amount of income that may affect partners differently, or as applicable here, the

amount of income that would be NESE in the hands of the ultimate
recipients if those recipients were in fact individuals.  Cf.
Hambrose Leasing v. Commissioner, 99 T.C. 298, 310 (1992).  Thus,
as to the issue at hand, LTD was excused by subtitle A (and the
1999 instructions to Form 1065) from reporting separately that
portion of its ordinary income that was not NESE because that
portion was allocated to direct partners which were limited
partners, estates, trusts, corporations, exempt organizations, or
IRAs.  See, e.g., the 1999 Instructions to Form 1065, supra at
23-24.  Whether an individual actually was a member of one or
more of the passthrough entities (LLCs) at issue, and thus was an
indirect partner of LTD, was not a determination that LTD was
required to make under subtitle A.  Where as here a partnership
interest is held by a direct partner that is an LLC, the
partnership must state that its ordinary income is NESE, without
consideration of the nature or identity of the actual or reported
owners of the LLC.  The actual taxability of the separately
stated amount as NESE, if later disputed by the Commissioner, is
then determined at the indirect partner level through an affected
item notice of deficiency issued after the TEFRA partnership-
level proceeding is complete.

Petitioner seeks a contrary conclusion by focusing on the
definition of NESE set forth in section 1402(a).  Petitioner
notes that this definition requires the presence of an individual

as a direct or indirect recipient of self-employment income and states that it knows conclusively that neither it nor any of its partners had a member or partner who was an individual. Petitioner concludes that LTD had no NESE within the meaning of section 1402(a) and asserts that the Court will conclude similarly by deciding the question of whether any of the three individuals was an actual partner of LTD. According to petitioner, if the Court were to decide that one or more of the three individuals was in fact a partner of LTD, that decision would impact the characterization of LTD's income, the tax treatment of LTD's payments to the three individuals, and the distributive share of income and loss to LTD's partners.

We disagree with petitioner's assertions and conclusions. First, respondent has not determined that any of the three individuals was or was not actually a partner of LTD. Nor has respondent taken a position in this case that is inconsistent with the position taken by LTD on its 1999 return that none of the three individuals was such a partner. Petitioner is attempting to raise in this proceeding an issue as to the identity of LTD's "actual partners" by requesting that the Court rule that the three individuals' status in LTD was as reported; i.e., that none of the three individuals was a partner of LTD. We view petitioner's request that the Court decide this issue as a request for an advisory opinion, which we decline to render.

We also consider it inappropriate to opine on the hypothetical potential adjustments that respondent might propose if any of the three individuals was in fact a partner of LTD.

Nor do we conclude that LTD's reporting of its ordinary income as NESE is an item that the regulations provide is more appropriately determined at the partnership level than at the partner level. Section 301.6231(a)(3)-1, Proced. & Admin. Regs., lists those items that are partnership items because they are more appropriately determined at the partnership level. In relevant part, that list includes a partnership's characterization of its items of income, credit, gain, loss, or deduction. As discussed above, LTD was not required at the partnership level to characterize the amount of its ordinary income that was in fact NESE. LTD was required at that level to determine the entity status of its three direct partners and to report perfunctorily its ordinary income as NESE except to the extent that the ordinary income was allocated to a direct partner that was a limited partner, estate, trust, corporation, exempt organization, or IRA. LTD was not required to determine the identity of its indirect partners, and it was not required to determine whether any member of those indirect partners was itself a passthrough entity. LTD also was not required to determine the ultimate recipients of its ordinary income. Each of these matters that LTD was not required to determine had no

effect on LTD, its books or records, or any other aspect of the partnership.  Cf. Hambrose Leasing v. Commissioner, supra at 311. While petitioner argues that it believes that LTD did not have an indirect partner who was an individual, the finding of a partnership item does not hinge on whether the item is determinable from information actually available at the partnership level.  That finding turns on whether the partnership is required to make a determination of the item.  See Dakotah Hills Offices Ltd. Pship. v. Commissioner, T.C. Memo. 1996-35; cf. Dial U.S.A., Inc. v. Commissioner, 95 T.C. 1, 4 (1990).

Our conclusion as to the issue at hand is further supported by analogy to two of this Court's previous holdings.  First, in Hang v. Commissioner, 95 T.C. 74, 80 (1990), the Court held that the determination of whether a father was the true and beneficial owner of shares in an S corporation held in the name of his sons was properly made at the individual shareholder level.[4]  We reasoned that the true and beneficial ownership of the shares was

---

[4] Under the S corporation audit and litigation procedures, secs. 6241 through 6245, a "subchapter S item" denotes "any item of an S corporation to the extent regulations prescribed by the Secretary provide that, for purposes of this subtitle, such item is more appropriately determined at the corporate level".  Sec. 6245.  The tax treatment of a subch. S item generally must be determined in an entity level proceeding.  See sec. 6241.  While these S Corporation procedures were enacted shortly after the TEFRA procedures as part of the Subchapter S Revision Act of 1982, Pub. L. 97-354, sec. 4(a), 96 Stat. 1691, the S Corporation procedures were repealed as of Dec. 31, 1996, by the Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1307(c)(1), 110 Stat. 1781.

more appropriately determined at the individual level because the determination depended upon factors that could not be determined at the corporate level and required participation of the allegedly true owner of the shares.[5]  Id. at 80-81.

Second, in Grigoraci v. Commissioner, T.C. Memo. 2002-202, we applied the stated reasoning of Hang to reach a similar result.  In Grigoraci, two partnerships were each owned by subchapter S corporations which, in turn, were each owned by an individual/accountant.  Respondent argued that the accountants were the actual owners/partners of the partnerships.  We held that we lacked jurisdiction in that TEFRA partnership-level proceeding to decide that issue.  We noted that the issue was a nonpartnership item in that the partnerships could not determine whether their corporate partners should be respected for Federal tax purposes without consideration of information that was not available at the partnership level; e.g., information as to the manner in which the corporations' activities were conducted, whether they were properly formed, whether they had valid purposes, and whether they actually conducted business.  We also noted that most of the evidence relevant to determining whether the corporations or the individuals were the partners centered on

---

[5] While a partnership reports its income on Form 1065, an S corporation reports its income on Form 1120S, U.S. Income Tax Return for an S Corporation.  In contrast to Schedule K of Form 1065, Schedule K to Form 1120S does not require that an S corporation separately state its earnings from self-employment.

the acts, motives, and intentions of the individuals and not on actions taken by the partnerships.

Here, as in Hang and Grigoraci, a decision as to LTD's NESE turns on a determination of LTD's true and beneficial owners, and that determination depends upon facts that may not be determinable as the partnership level. Petitioner attempts to distinguish those cases by arguing that an identification of LTD's actual partners may affect the allocation of LTD's income or loss which in and of itself is an indicium of a partnership item under section 6231(a)(3). For the reasons stated above, we find this attempt unavailing.

We shall grant respondent's motion to strike for lack of jurisdiction. All arguments made by the parties have been considered, and those arguments not discussed are irrelevant or without merit. Accordingly,

An appropriate order will be issued, and decision will be entered under Rule 155.